UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-183-HRW

MATTHEW BLEVINS,                                   PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

      Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff filed his current applications for disability insurance benefits and supplemental security income benefits on December 5, 2002, alleging disability beginning on November 15, 2001, due to hypertension, arthritis, nerves, tuberculosis, bone loss and depression.

These applications were denied initially, on reconsideration and by hearing decision entered on December 14, 2004 in which it was determined that Plaintiff could perform his past work as a mobile home mover (Tr. 17-25).

Plaintiff appealed. The United States District Court for the Eastern District of Kentucky affirmed the ALJ's finding that Plaintiff could perform a limited range of work at the medium exertional level, but remanded the matter for a determination of whether alternative jobs exist which Plaintiff can perform (Tr. 366-374).

On remand, additional medical evidence was submitted and a hearing was convened by Administrative Law Judge Donald A. Rising (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Anne B. Thomas, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

2

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 12, 2007, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 52 years old at the time of the hearing decision. He has an 8th grade education and past relevant work experience as a mobile home mover.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 349).

The ALJ then determined, at Step 2, that Plaintiff suffered from a history of hypertension with no end-organ damage, osteoarthritis and allied disorders, clinical estimated borderline intellectual functioning mid to upper end of range and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 349-353).

3

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 354-355 ).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 357) but determined that he has the residual functional capacity ("RFC") to perform a limited range of medium work with certain restrictions as set forth in the decision (Tr. 355).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 357-358).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 28, 2007 (Tr. 333-335).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Although Plaintiff alleges that the ALJ's decision was not supported by substantial evidence, he fails to offer any argument in support of his claim.

The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if

5

> so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006).

As for the medical proof of record, the *Hollan* court "decline[d] to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision." *Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " ' [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

In his brief, Plaintiff merely reiterates portions of the ALJ's decision. The only statement in Plaintiff's brief which could possibly be construed as argument in support of his dispositive motion is "Dr. Rastogi indicated the claimant was not fit for any gainful employment" (Plaintiff's Brief at pg. 7).

However, as an examining source, Dr. Rastogi's opinion is not due the

weight afforded to the findings of a treating physician. 20 C.F.R. §§ 404.1527(d)(2), 416.1527(d)(2). Further, it is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). The ALJ was correct in disregarding Dr. Rastogi's conclusory remark.

The Court, having reviewed the record, finds that the ALJ's decision is supported by substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __4__ day of January, 2008.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE

7